IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 96-CR-0151-002-CVE |
| | ) | |
| v. | ) | USM Number: 07983-062 |
| | ) | |
| TERRY WAYNE GLENN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for the Court to issue a cease and desist order requiring the Bureau of Prisons to release funds encumbered in the amount of $9,136, from defendant's inmate trust fund account on October 22, 2020 (Dkt. # 436), and the plaintiff's motions for turnover of funds received during incarceration (Dkt. # 437), filed on November 12, 2020.

On October 3, 1997, defendant was sentenced by the Honorable Sven Erik Holmes, to an aggregate term of life imprisonment following pleas of guilty to nine counts of the indictment involving conspiracy to distribute a controlled substance, two counts of possession with intent to deliver a controlled substance, three counts of maintaining a place for distribution of a controlled substance, two counts of possession of a firearm after former conviction of a felony, and conspiracy. The Court further imposed a fine of $25,000 as to count two. As part of the judgment and sentence (Dkt. # 250), with regard to how and when the fine was to be paid, the Court ordered: "This fine shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons Inmate Financial Responsibility Program. Upon release

1

from custody, any unpaid balance shall be paid during the term of supervised release." See Dkt. # 250 at 4.

In defendant's motion (Dkt. # 436), defendant argues that he received no notice nor order related to an adjustment of his financial obligations, which were defined in a signed contract between him and the officials at Leavenworth United States Penitentiary. Therefore, defendant requests that the Court order the Bureau of Prisons to "cease and desist any and all activities involving the encumbered $9,132.65…until such time as [he] has been properly served and informed of the purpose for such actions…"

In plaintiff's motion, (Dkt. # 437), plaintiff argues that defendant did not pay his fine immediately as ordered by the Court and defendant has received substantial resources during incarceration. Therefore, plaintiff requests that the Court order that the BOP turn over at least $9,400 from defendant's inmate trust account to the Clerk of Court.

The Court notes that, since October 17, 2008, defendant has participated in the Inmate Financial Responsibility Program (IFRP), which is a voluntary program with policies which provide for an inmate savings account appropriately designed to meet institutional needs, while at the same time executing on a defendant's obligation to pay a criminal monetary penalty. The program requires inmates to commit a percentage of their prison employment earnings and other sources of income toward the repayment of court-ordered monetary penalties. See BOP Policy Statement P5380.08. From March 2008 through September 11, 2020, defendant has consistently paid $60 quarterly through the IFRP, for a total of $3,717.57, leaving an outstanding fine balance of $21,282.43. A review of defendant's inmate Truview report on this date reveals that defendant holds $9,269.81 in his Trufacts (commissary) account, $131 in his Trufone (telephone) account,

and $491.60 in his Trulincs (email) account. In addition, a review of defendant's deposits into Trufacts from November 2019 through November 2020, reveals that he has received payroll credits totaling $2,840 and credits from outside community sources totaling $5,319.

Pursuant to BOP Policy Statement 4500.12 at 8.8, "An encumbrance may be made for various reasons at the warden's discretion or the result of a disciplinary hearing sanction or notification of a pending Federal court order." The Court has been informed by the BOP that defendant's inmate Trufacts account was encumbered upon notification by the plaintiff of the intent to file the foregoing motion to turnover funds. Therefore, the Court finds defendant's funds were not improperly encumbered pending the Court's ruling on plaintiff's motion. In addition, pursuant to 18 U.S.C. 3664(n), "If a person obligated to… pay a fine receives substantial resources from any source… during a period of incarceration, such person shall be required to apply the value of such resources to any… fine still owed." (emphasis added). Accordingly, the Court finds that plaintiff acted properly in seeking encumbrance of defendant's fund to prevent disbursement prior to the Court's order and that, defendant has received substantial resources from both payroll and outside community sources during incarceration, which must be applied to the outstanding fine.

**IT IS THEREFORE ORDERED** that defendant's motion to cease and desist (Dkt. # 436) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion (Dkt. # 437) is **granted in part**. The Bureau of Prisons is directed to turn over $8,769 from defendant's encumbered Trufacts account to the Clerk of Court for partial payment of defendant's outstanding fine and release the remaining funds to defendant to avoid defendant's complete indigence.

**IT IS SO ORDERED** this 23rd day of November, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE